**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

FRANKLIN JAVIER RIVERA GUTIERREZ,
Petitioner,
v.
WARDEN, OTAY MESA DETENTION CENTER,
Respondent.

Case No. 26-cv-04031-BAS-GC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Franklin Javier Rivera Gutierrez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he has been detained "without sufficient legal justification," which violates due process. (ECF No. 1.) The Government responds that Petitioner is mandatorily detained under 8 U.S.C. § 1231(a). (ECF No. 9.) The Court agrees and **DENIES** the Petition.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or

she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner is a native and citizen of El Salvador claiming asylum. (ECF No. 1.) On February 8, 2026, local law enforcement arrested him and turned him over to Immigration and Customs Enforcement ("ICE") custody. (*Id.*) On July 17, 2026, an Immigration Judge denied Petitioner's asylum claim and ordered him removed to El Salvador. (ECF No. 9-2.) Petitioner waived his appeal, so his order of removal became final on that date. (*Id.*) Petitioner argues he has been detained without an individualized determination of flight risk or danger and requests immediate release from ICE custody. (ECF No. 1.)

## III. ANALYSIS

Once an order of removal becomes final, it is mandatory that the individual be detained in ICE custody. 8 U.S.C. § 1231. *Zadvydas v. Davis*, 533 U.S. 678 (2001), addressed individuals who were detained indefinitely because their country of origin refused to accept deportees. There has been no such allegation here, and Petitioner has only been ordered removed for about 20 days. This detention is presumptively reasonable under *Zadvydas*.

## IV. CONCLUSION

Petitioner is mandatorily detained, and the period of detention is presumptively reasonable. Hence, the Court **DENIES** the Petition. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: August 7, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**